IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0770-D |
| | § | |
| G6 HOSPITALITY, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants[*] move for reconsideration of the court's memorandum opinion and order denying their motion to dismiss plaintiff Jane Doe's ("Doe's") first amended complaint. *See Doe v. G6 Hosp., LLC ("Doe I")*, 2025 WL 2697832 (N.D. Tex. Sept. 22, 2025) (Fitzwater, J.). Alternatively, they move to certify the court's decision in *Doe I* for interlocutory appeal. The court denies defendants' motion.

I

The court turns first to defendants' motion for reconsideration.

A

"Because the court's interlocutory . . . decision did not result in a final judgment, Fed. R. Civ. P. 54(b) governs whether the court reconsiders its ruling." *SEC v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.). The court "possesses the

___

[*]Defendants are G6 Hospitality, LLC, G6 Hospitality Franchising, LLC, G6 Hospitality IP, LLC, G6 Hospitality Property LLC, G6 Hospitality Purchasing, LLC, and Motel 6 Operating, LP.

inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (internal quotation marks omitted). "Such a motion requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita County, Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (quoting *Jud. Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D.D.C. 2006)).

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Reneker v. Offill*, 2012 WL 3599231, at *1 n.1 (N.D. Tex. Aug. 22, 2012) (Fitzwater, C.J.) (quoting *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater C.J.)). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* (quoting *Arrieta*, 2009 WL 129731, at *1). The decision "whether to grant such a motion [for reconsideration] rests within the discretion of the court." *Choice Hotels Int'l, Inc. v. Goldmark Hosp., LLC*, 2014 WL 642738, at *1 (N.D. Tex. Feb. 19, 2014) (Fitzwater, C.J.) (alteration in original) (quoting *Colli*, 2011 WL 3524403, at *1).

B

Defendants first contend that the court committed a manifest error of law in declining to dismiss as time-barred a portion of Doe's claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581 *et seq.* Doe was not required to

anticipate or negate potential affirmative defenses, such as the statute of limitations, in her first amended complaint, and, consequently, she was not obligated to plead equitable tolling or the like. *See* Rule 12(b)(6); *see also Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Taylor v. Anderson*, 234 U.S. 74, 75 (1914). In *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366-68 (5th Cir. 2003), the Fifth Circuit dismissed the plaintiffs' claim after concluding that it was untimely on the face of the complaint and "discern[ing] nothing in the record suggesting" that the plaintiffs were "entitled to any type of equitable tolling." *Jones* did not impose an obligation on plaintiffs to affirmatively plead theories of equitable tolling in their complaints, and defendants otherwise cite no precedential authority that imposed such an obligation on Doe.

Although the court suggests no view regarding whether defendants can prevail on a statute of limitations defense via another motion, such as a summary judgment motion or a motion for judgment as a matter of law, dismissal based on defendants' Rule 12(b)(6) motion would have been improper.

C

Defendants also contend that the court committed a manifest error in law in concluding that Doe plausibly pleaded that defendants participated in a venture that violated the TVPRA. Without determining whether either approach was correct, the court concluded that Doe plausibly pleaded "participation in a venture" under both the Eleventh Circuit's definition adopted by defendants and the "continuous business relationship" standard adopted by Doe. *See Doe I*, 2025 WL 2697832, at *6. Defendants contend that Doe's allegations

were insufficient under either approach.  Rather than citing precedential authority indicating that the court committed a manifest error of law, defendants attempt to rehash their original arguments for dismissal.  Motions for reconsideration are not a proper vehicle for this purpose.  *See Reneker*, 2012 WL 3599231, at *1 n.1.

Accordingly, the court, in its discretion, denies defendants' motion for reconsideration.

II

The court now turns to defendants' alternative motion for certification for interlocutory appeal.

A

A district court may certify an order for interlocutory review under 28 U.S.C. § 1292(b) if it concludes  "(1) that the order involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Fener v. Belo Corp.*, 2007 WL 4165709, at *4 (N.D. Tex. 2007) (Fitzwater, C.J.).  District courts, however, have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Charalambopoulos v. Grammer*, 2016 WL 5942225, at *5 (N.D. Tex. Oct. 13, 2016) (Fitzwater, J.) (alteration in original) (citation omitted).  Judicial economy is a key consideration. *See, e.g.*, *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 231 (5th Cir. 2014) ("[A] § 1292(b) certification[ ] [ ] 'is designed to allow for early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the

litigation.'" (citation omitted)); *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723 (N.D. Tex. 2006) (Boyle, J.) ("[A] key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'" (citation omitted)).

B

Defendants contend that their motion to dismiss raised the question "whether a hotel defendant's alleged rental of rooms to a trafficker, when it knew or should have known of the trafficking, amounts to 'participation in a venture.'" Ds. Br. (ECF No. 54) at 12. The court acknowledges that there is some disagreement regarding the meaning of "participation in a venture." But having concluded that Doe plausibly alleged that defendants' participation was "beyond what would reasonably be expected in ordinary commercial transactions," *Doe I*, 2025 WL 2697832, at *7, the court is not persuaded that this is a question of law that controls the outcome of the case or that resolution of this question would materially advance the termination of this litigation.

Moreover, even assuming *arguendo* that all three § 1292(b) criteria are satisfied, the court retains unfettered discretion to deny certification. Here, the court concludes that judicial economy—i.e., the "efficient disposition" of the litigation—is best achieved by denying defendants' motion and proceeding with the litigation in this court rather than detouring first through the circuit.

Accordingly, the court denies defendants' motion for certification for interlocutory appeal.

* * *

The court denies defendants' motion for reconsideration and alternative motion for certification for interlocutory appeal.

**SO ORDERED**.

December 16, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE